ALBERT GASKILL, Executor, v. WARREN GASKILL.

A father bequeathed to his son the sum of four thousand dollars, to have the use of the same until some child of his should arrive to the age of twenty-one years, when the same was to be paid over to such child, or if more than one, to his children equally; and required his son to give bond for the faithful performance of his trust, to the acceptance of the Court of Probate in which his will should be proved: *Held*, that a decree of the Court of Probate accepting the personal bond of the son, without sureties, did not comply with the will of the father; and that, considering that the son was a resident of a distant State, it was the duty of the court to require, not only a bond with sureties, but with sureties resident in this State, so that they could be pursued for the enforcement of the trust, by the Court of Probate in whose name the bond should be taken.

PETITION for a new trial by Albert Gaskill, executor of the last will and testament of Lebbeus Gaskill, late of Cumberland, deceased, in a matter heard and decreed by the Court of Probate of Cumberland, on Monday, the 13th day of April, 1863.

The will of Lebbeus Gaskill contained the following bequests:

"To my son, Albert Gaskill, I give and bequeath the sum of four thousand dollars, in trust, however, and for the purposes following: He shall be entitled to the use of the money until some child of his shall arrive at the age of twenty-one years, when he shall pay over to such child, and to such other children as he shall then have living, the whole of said sum of four thousand dollars, to be equally distributed, if there be more than one child; but in case no child of his should live to the age of twenty-one years, then this bequest shall enure to the sole benefit of the said Albert Gaskill, his heirs and assigns.

"To my son, Warren Gaskill, I give and bequeath the sum of four thousand dollars, in trust, however, and for the purposes following: He shall be entitled to the use of the money until

some child of his shall arrive at the age of twenty-one years, when he shall pay over to such child and to such other children as he shall then have living, the whole of the said sum of four thousand dollars, to be equally distributed, if there be more than one child; but in case no child of his should live to the age of twenty-one years, then this bequest shall enure to the sole benefit of the said Warren Gaskill, his heirs and assigns. And the said trustees, respectively, shall give bonds for the faithful discharge of the trust, to the acceptance of the Court of Probate in which this will shall be proved."

It appeared, that the said Warren Gaskill was a resident of Shelby county, in the State of Missouri, and offered his personal bond, without surety, as a compliance with the above requirement in the will of his father, and that the Court of Probate of Cumberland, in which said will was proved, against the objection of the petitioner, who was the executor of said will, accepted such bond of said Warren, as satisfactory.

The executor not having prosecuted his appeal from this decree within the time limited by law, now presented his petition for a new trial, on the ground of error in the above decree, under Ch. 194, section 8, of the Revised Statutes.

*Borden, for the petitioner.*

*T. Steere, for the respondent.*

BRAYTON, J. Lebbeus Gaskill, late of Cumberland, in the county of Providence, deceased, in and by his last will and testament, which was duly proved in the Court of Probate of the said town of Cumberland, holden on the second day of March, 1863, gave and bequeathed to his son, Warren Gaskill, the sum of $4000, in trust, to receive to his own use the interest thereon until some child of his should arrive at the age of twenty-one years, when he should pay over the said sum to such children as were then living; but if no child of his should arrive at that age, then the said sum should enure to his sole benefit. A similar gift was made to his son, Albert Gaskill; and the testator further declared his will as follows: "and the said trustees, respectively, shall give bond for the faithful discharge of the trust, to the acceptance of the Court of Probate in which the will shall

be proved." On the 13th day of April, 1863, the said Warren Gaskill, then and still resident and domiciled in the State of Missouri, made and executed his bond in the sum of $8000, to the said Court of Probate, without surety, and presented the same to the said court for their acceptance and approval; and the said court thereupon adjudged and decreed, that the said bond was *satisfactory.* From this decree the executor, Albert Gaskill, neglected to prosecute his appeal to this court, from accident and mistake, and now asks a new trial for error in said decree, in not requiring sureties in said bond.

What we have to consider in this case is, whether the testator, in giving the direction which he did in relation to the bond, could have contemplated that the mere personal bond of the trustee, conditioned for the faithful performance of the trust, should be deemed sufficient to secure that performance. What was the purpose of the testator in requiring a bond at all? The trust was for the benefit of the children of the trustee, and no one else. The security required was for their protection; that when the period arrived for the payment and distribution of the fund to them, it might be assured to them. As against their parent there would be no one interested for them, to see that they came to their own. The trustee, if he failed to pay over the fund on the happening of the contingency, would, without the bond, be personally liable. The bond, though it may give another form of action, can give no additional security either for good faith in the discharge of the trust, or for continued ability in point of estate, to make good any breach. It binds the person only and individual estate of the trustee, which were bound without it. The testator must have intended something more. It must be remembered that the trustees, both of them, were, and are still, domiciled beyond the jurisdiction of this State. The bond is made to the Court of Probate, and payable to them in their said capacity. If sued, it must be in the name of the Court of Probate, as such. The obligor is beyond the jurisdiction of any court in this State. Unless he come voluntarily within it, no service can be made upon him to hold him to answer to any suit here. The remedy is at his election, and not that of the Probate Court. In this view, the bond is no security whatever. To

avail as security to the infant children, and to assure the payment over to them of their legacy at the appointed time, it would be necessary, not only that there should be surety or sureties of competent estates, so as reasonably to assure a continued ability to make good any breach of the trust, but resident also within the jurisdiction of the court, so as to be made answerable to a suit whenever the obligees in the bond shall, after any such breach, think proper to enforce their remedy. Without this, the bond is not such as the testator must have contemplated.

A new trial must be granted, to be had before the Court of Probate of said Cumberland, on Monday, the —— day of February next, but without costs.